UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR CARR, | No. 2:19-cv-0688-EFB P |
| Plaintiff, | |
| v. | ORDER |
| A. BALAJI, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis (ECF No. 2) and a motion to appoint counsel (ECF No. 3).

## Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### Screening Order

According to the complaint, plaintiff suffers from a painful medical condition in his hand known as Dupuytren's hand or "trigger lock." ECF No. 1 at 5, 14. On October 10, 2017, a specialist at an outside hospital recommended that plaintiff have surgery. *Id.* at 5, 14. On January 30, 2018, defendant Church denied the request. *Id.* at 15. For reasons not clearly stated, Church was "incensed" and cancelled the surgery to "punish" plaintiff. *Id.* at 5. An unknown

person subsequently approved the surgery and it was scheduled for July 2, 2018. *Id.* at 16. Just before the surgery, however, defendant Nurse Gurm informed plaintiff that it had to be rescheduled because plaintiff's "primary care teams" had not complied with pre-surgery protocols. *Id.* at 17. Eventually, nearly a year later, on October 1, 2018, plaintiff had the surgery. *Id.* at 5.

In addition to claiming defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment, plaintiff claims that defendant nurses Suson and Gurm were grossly negligent. *Id.* at 8. He also asserts he was dissatisfied with an amended response to an administrative appeal issued by defendants Gates, Singh, Recary, and Magsayo and that their response violated institutional policy. *Id.* at 7, 18-20.

These allegations lack sufficient clarity to establish an Eighth Amendment deliberate indifference to medical needs claim. Deliberate indifference requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with the treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106. In any amended complaint plaintiff should specify (1) why Church cancelled the surgery and how any delay caused him further harm; and (2) what the pre-surgery protocols consisted of, which defendants failed to comply with them, and why they so failed.

Moreover, claims based upon how a defendant processed an administrative appeal are not viable. Inmates have no standalone rights with respect to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Williams v. Cate*, No. 1:09-cv-00468-0WW-YNP PC, 2009 U.S. Dist. LEXIS 107920, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Finally, plaintiff has failed to properly plead his state tort law claim of gross negligence.
/////

3

The California Torts Claims Act ("Act") requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007). Plaintiff's complaint is devoid of such allegations

## Leave to Amend

Plaintiff will be given an opportunity to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor, as he was warned above, may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

4

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Motion for Appointment of Counsel

Plaintiff requests the appointment of counsel. ECF No. 3. District courts may authorize the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. The court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate her claims amount to exceptional circumstances justifying the appointment of counsel at this time. The court will however, grant plaintiff's request for an extension of time.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request for the appointment of counsel (ECF No.3) is denied.

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order.

5. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: February 11, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE