1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ARTHUR CARR,                                No.  2:19-cv-0688-TLN-EFB P

12                   Plaintiff,

13            v.                                   ORDER

14    A. BALAJI, et al.,

15                   Defendants.

16

17            Plaintiff is a state prisoner proceeding in an action brought under 42 U.S.C. § 1983.  After

18    the dismissal of his original complaint, filed *pro se*, plaintiff has retained counsel and filed an

19    amended complaint.  ECF Nos. 1, 6, 28, 31.  That amended complaint is screened below.

20            Congress mandates that district courts engage in a preliminary screening of cases in which

21    prisoners seek redress from a governmental entity or officer or employee of a governmental

22    entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the

23    complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to

24    state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who

25    is immune from such relief."  *Id.* § 1915A(b).

26    /////

27    /////

28    /////

                                                      1

<u>The Amended Complaint</u>

The first amended complaint alleges the following sequence of events:

- In 2017, plaintiff experienced pain from a medical condition known as dupuytren's hands and trigger lock.  ECF No. 31 ¶¶ 11, 15.

- On August 1, 2017, defendant Galen Church approved a referral for a consultation with an outside doctor.  *Id.* ¶ 12.

- On October 10, 2017, the outside doctor informed plaintiff that he would need surgery.  *Id.* ¶ 14.

- Plaintiff's pain became worse.  *Id.* ¶ 15.

- On November 29, 2017, defendant Balaji noted that he had completed a new surgery request for plaintiff.  *Id.* ¶ 18.  Defendant Church had previously approved a request for surgery on plaintiff's behalf.  *Id.* ¶ 18.

- On January 11, 2018, plaintiff was seen by Dr. Shona Hillman.  *Id.* ¶ 16.  She told plaintiff that defendant Balaji (who had previously seen plaintiff for his medical issues) had failed to enter "the order for the surgery . . . ."  *Id.*  She submitted a new request for surgery.  *Id.* ¶ 19.

- On January 30, 2018, defendant Church denied Hillman's request for surgery.  *Id.*

- Defendant Balaji was notified that the request for surgery had been denied and was advised to resubmit the request with "appropriate justification" and to appeal the decision to the "MAR committee."  *Id.* ¶ 20.  None of this information was shared with plaintiff and Balaji did not resubmit the request for surgery.  *Id.* ¶ 21.

- Plaintiff was transferred to a different yard where he sought treatment for his painful condition.  *Id.* ¶¶ 22-23.

- On May 17, 2018, plaintiff's new physician, Dr. R. Rafiq submitted a new request for surgery, which was approved and scheduled for July 2, 2018.  *Id.* ¶ 23.

- Plaintiff was required to discontinue certain medications prior to surgery, however, defendants Magsayo, Suson, and Gurm failed to advise him of this and consequently, his surgery was canceled on July 1, 2018.  *Id.* ¶¶ 24, 42.

- Defendants Suson, Magsayo, and Gurm failed to timely reschedule plaintiff's surgery despite knowing that plaintiff was in pain and urgently needed the surgery. *Id.* ¶ 29.
- Following surgery on an unspecified date, plaintiff's pain was resolved. *Id.* ¶ 31.

### Screening Order

Plaintiff's amended complaint asserts an Eighth Amendment deliberate indifference to medical needs claim against defendants Church, Balaji, Magsayo, Suson, and Gurm. Deliberate indifference requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with the treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106.

Defendant Balaji's alleged failure to act in response to defendant Church's denial of the request for surgery is sufficient to survive screening as an Eighth Amendment claim.

As for defendant Church, however, the allegations merely show that at some time prior to November 2017, he had approved a request for surgery on plaintiff's behalf. ECF No. 31 ¶ 18. Then, on January 30, 2018, he denied a separate request for surgery, apparently because it lacked "appropriate justification." *Id.* ¶¶ 19, 20. Neither of these acts amount to deliberate indifference.

The basis for the Eighth Amendment claim against defendants Suson, Magsayo, and Gurm is that they failed to timely process the rescheduling of plaintiff's cancelled surgery. *Id.* ¶ 29. Only defendant Gurm, however, is alleged to have been responsible for scheduling. *Id.* ¶ 6. Defendants Magsayo and Suson appear to be named as defendants solely because of their supervisory roles (*see id.* ¶¶ 4-5), which is not a proper basis for liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The claim that Gurm failed to reschedule plaintiff's surgery, knowing that plaintiff was in pain and that his need for surgery was urgent, is sufficient to survive screening.

Plaintiff's second claim for relief alleges professional negligence against defendants Church, Balaji, Magsayo, Suson, and Gurm. Plaintiff's allegations support a negligence claim against defendant Balaji, Magsayo, Suson, and Gurm, but not against defendant Church.

1    The amended complaint also lists as defendants Gates, Singh, and Recarey.  Any claims

2 against them, however, are dismissed with leave to amend, as the complaint makes no allegations

3 against them.

4     Plaintiff may either proceed only with the claims identified herein or he may amend his

5 complaint to attempt to cure any deficiencies  He may not, however, change the nature of this suit

6 by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff

7 is not obligated to amend his complaint.

8                                        <u>Leave to Amend</u>

9     Any amended complaint must identify as a defendant only persons who personally

10 participated in a substantial way in depriving him of a federal constitutional right.   *Johnson v.*

11 *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

12 constitutional right if he does an act, participates in another's act or omits to perform an act he is

13 legally required to do that causes the alleged deprivation).  Plaintiff is not obligated to file an

14 amended complaint.

15     Any amended complaint must be written or typed so that it so that it is complete in itself

16 without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

17 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

18 earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

19 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

20 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

21 1967)).

22     The court cautions plaintiff that failure to comply with the Federal Rules of Civil

23 Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

24 *See* E.D. Cal. L.R. 110.

25                                        <u>Conclusion</u>

26     Accordingly, it is ORDERED that:

27     1.    Plaintiff's amended complaint (ECF No. 31) alleges, for screening purposes, the

28          following viable claims:

4

a.  An Eighth Amendment claim against defendant Balaji based on his failure to act after the request for surgery was denied;

b.  An Eighth Amendment claim against defendant Gurm for failing to reschedule plaintiff's surgery after it was cancelled; and

c.  State law negligence claims against defendants Balaji, Magsayo, Suson, and Gurm based on the allegations in the amended complaint.

2.  All other claims (including all claims against defendants Church, Gates, Singh, and Recarey) are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

3.  Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims against defendants Balaji, Magsayo, Suson, and Gurm, or file a second amended complaint.  If the former option is selected and returned, the court will enter an order directing service at that time.

4.  Failure to comply with any part of this this order may result in dismissal of this action for the reasons stated herein.

DATED:  January 28, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR CARR,

            Plaintiff,

    v.

A. BALAJI, et al.,

            Defendants.

No.  2:19-cv-0688-TLN-EFB P

NOTICE OF ELECTION

      In accordance with the court's Screening Order, plaintiff hereby elects to:

      (1)  _____   proceed only with (a) the Eighth Amendment claims against defendants Balaji and Gurm and (b) the state law negligence claims against defendants Balaji, Magsayo, Suson, and Gurm.

      OR

      (2)  _____   delay serving any defendant and files a second amended complaint.

_____
            Plaintiff

Dated:

6