UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR CARR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. BALAJI, et al.,<br><br>　　　　Defendants. | No.  2:19-cv-0688-TLN-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding with counsel in action for damages under 42 U.S.C. § 1983.  ECF Nos. 1, 31.  Defendants have filed a motion to dismiss plaintiff's state-law negligence claims.  ECF No. 46.  The motion was originally set for hearing before the undersigned on August 4, 2021 pursuant to Local Rule 230.  *Id.*  Plaintiff failed to file an opposition brief in the time provided by that rule, however, and the court accordingly took the matter off calendar and directed plaintiff to file the brief or a statement of non-opposition.  *Id.*  The court has received plaintiff's opposition and defendants' reply (ECF Nos. 49, 50) and finds that the matter is suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  Accordingly, the court declines to reschedule the motion hearing and recommends, for the reasons that follow, that the motion to dismiss be granted in part and otherwise denied without prejudice.

/////

1

I. **Plaintiff's Claims**

Plaintiff alleges that defendants, who are a physician and registered nurses at the prison where plaintiff is incarcerated, were deliberately indifferent to – and negligent in their treatment of – plaintiff's medical condition. ECF No. 31. Specifically, plaintiff alleges that he was seen by a physician at San Joaquin General Hospital on October 10, 2017 for his medical conditions of dupuytren's hands and trigger lock. *Id.* at 3. That doctor told plaintiff that he needed surgery on his right middle finger and would be returned to the hospital soon for the procedure. *Id.* After an "extended period" passed without the surgery, plaintiff told prison medical staff that his pain was getting worse. *Id.*

On January 11, 2018, plaintiff saw Dr. Shona Hillman at the prison. *Id.* Dr. Hillman told plaintiff that defendant Balaji had failed to enter the order for the surgery (presumably into whatever system was in place in the prison for getting the surgery approved). *Id.* Dr. Hillman put in an urgent request for the surgery, with a "compliance date" of January 16, 2018. *Id.* at 4.

Dr. Hillman's request for plaintiff's surgery was denied on January 30, 2018. *Id.* Defendant Dr. Balaji was informed of the denial and told to resubmit the request with appropriate justification or appeal the denial to the "MAR committee" if she deemed the surgery necessary. *Id.* Dr. Balaji did not resubmit the request for surgery. *Id.*

Dr. R. Rafiq processed a new request for the surgery on May 17, 2018. *Id.* The request was approved, and the surgery was scheduled for July 2, 2018. *Id.* But the surgery had to be canceled on July 1, 2018 when it was discovered that plaintiff had not discontinued certain medications on June 26, 2018 in preparation for the procedure. *Id.* Defendant nurses Suson, Magsayo, and Gurm allegedly had failed to tell plaintiff to stop the medications. *Id.* at 5, 6. These defendants also allegedly failed to timely process a request that the surgery be rescheduled. *Id.*

Defendants argue that plaintiff's state-law negligence claims against them must be dismissed because plaintiff did not comply with two requirements of the California Government Claims Act: (1) fairly presenting the claims to the state agency and (2) filing this suit within six months of the agency's rejection of his claims.

## II. Standards on Motions to Dismiss

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## III. Analysis

### A. Claims Presentation under the California Government Claims Act

California's Government Claims Act (Government Code §§ 900 *et seq.*) sets some prerequisites to the filing of lawsuits against state entities and their employees.[1] *State of Cal. v.*

---

[1] These prerequisites apply only to plaintiff's state-law claims and not his claims brought for violation of federal rights under § 1983. *Williams v. Horvath*, 16 Cal. 3d 834, 842 (1976) (§ 911.2 is inapplicable to § 1983 claims and that "the purposes underlying § 1983 . . . may not be frustrated by state substantive limitations couched in procedural language"); *Cal. Corr. Peace Officers Ass'n v. Virga*, 181 Cal. App. 4th 30, 38 (2010) (Government Claims Act is inapplicable to § 1983 claims); *Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 764 ("Section 1983 claims are exempt from the state claims requirements because the supremacy clause of the United States

3

1    *Super. Ct.*, 32 Cal. 4th 1234, 1237 (2004); Cal. Gov't Code § 950.2.  One such requirement is
2    that a claim for money damages must first be presented to the state entity, to allow the entity to
3    "investigate claims and settle them, if appropriate, without the expense of litigation."  *J.J. v.*
4    *County of San Diego*, 223 Cal. App. 4th 1214, 1219 (2014).  The claim must therefore include
5    "sufficient information" to allow an adequate investigation and must specifically include the
6    "date, place and circumstances of the occurrence" and the "names of the public employees
7    causing the injury, . . . if known."  *Id.*; Cal. Gov't Code § 910(c), (e).  Failure to comply with this
8    requirement bars suit.  *Munoz v. State of Cal.*, 33 Cal. App. 4th 1767, 1776-77 (1995).

9            Defendants contend that plaintiff's Government Claims Act claims did not provide
10   sufficient information to comply with the Act's claims presentation requirement.[2]  The
11   undersigned agrees only in part.

12           Plaintiff filed two claims relevant to the instant lawsuit.  In Claim No. 18007088, filed on
13   August 8, 2018, plaintiff alleged that defendant Balaji had negligently failed to enter the order
14   for plaintiff's surgery after he returned from the hospital in October 2017.  ECF No. 47 at 33-42.
15   In Claim No. 18008311, filed August 13, 2018, plaintiff alleged that his July 2, 2018 surgery had
16   to be cancelled "due to chain of command failure by medical staff to refrain claimant from taking
17   medicines that were 'antagonistic' to the surgery" and that the same staff "failed to reschedule
18   [the surgery] promptly."  *Id.* at 13.

19           These filings provided sufficient notice of plaintiff's current claims that: (1) Dr. Balaji
20   negligently failed to enter the order for surgery after plaintiff returned from the hospital in
21   October 2017, (2) nurses Magsayo, Gurm, and Suson negligently failed to inform plaintiff to
22   stop certain medications prior to surgery on July 2, 2018, and (3) nurses Magsayo, Gurm, and
23   Suson negligently failed to promptly reschedule the surgery.  While defendants fault plaintiff for
24   not naming the nurse defendants in his Government Claims Act claims, California law requires a
25   /////

---

Constitution does not permit a state law to alter or restrict federally created rights").

   [2] As plaintiff has not objected, the court grants defendants' request for judicial notice of the records of the California Government Claims Program.  ECF No. 47; Fed. R. Evid. 201(b).

4

claimant to provide such names only "if known." Cal. Gov't Code § 910(e). It is not clear from the pleadings that these defendants' names were known to plaintiff when he filed his claims.

Plaintiff's two claims, however, did not include an allegation of negligence against Dr. Balaji for failing to resubmit the request for surgery after it was initially denied on January 30, 2018 or to appeal the denial to the MAR committee, factual allegations which appear in the amended complaint. ECF No. 31 at 3. Because plaintiff provided no notice to the state that he believed that Dr. Balaji had behaved negligently in her response (or failure to respond) to this initial denial, he may not pursue a state-law negligence claim against her based on those allegations. *Munoz*, 33 Cal. App. 4th at 1776 (1995) ("Each theory of recovery against the public entity must have been reflected in a timely claim.").

Accordingly, plaintiff's negligence claim against defendant Balaji for her response (or nonresponse) to the January 30, 2018 denial of the request for surgery must be dismissed.

### B. Timeliness of Suit under the California Government Claims Act

The Government Claims Act requires claimants to file suit within six months of receiving a rejection of their claim or within six months of the date their claim is "deemed rejected" (meaning the public entity did not respond to it). Cal. Gov't Code §§ 945.6(a)(1), 950.6(b). Defendants contend that plaintiff's suit was not filed within this limitations period.

#### Claim Against Balaji

The state did not respond to plaintiff's Claim No. 18007088 beyond an initial communication regarding the timeliness of the claim on August 16, 2018. ECF No. 47 at 50. Plaintiff wrote back on August 23, 2018 with some additional facts to clarify that the claim was timely, but he received no response. *Id.* at 50. His claim was constructively rejected 45 days from its submission under Government Code § 911.6(c). Giving plaintiff the benefit of a claim-filing date of August 23, 2018 (when some additional facts were added to the claim that had been filed on August 8, 2018), this rejection occurred on October 7, 2018. Plaintiff therefore had six months from that date, or until April 8, 2019, to file suit on his negligence claim against Dr. Balaji.

/////

Claim No. 18008311, containing allegations against medical staff for failing to inform plaintiff to stop his medications pre-surgery and failing to promptly reschedule the surgery, was rejected on September 27, 2018. ECF No. 47 at 10-15. Accordingly, plaintiff was required to file suit on his negligence claims against Suson, Gorm, and Magsayo by March 27, 2019.

The docket for this action indicates a filing date of April 23, 2019. ECF No. 1. Plaintiff contests this date, however. He avers that he tried to file the complaint on March 21, 2019, but that the Clerk of Court rejected it with directions to e-file it in accord with a standing order regarding e-filing of prisoner complaints. ECF No. 49-1 at 3-4. Plaintiff argues that this rejection contravened Federal Rule of Civil Procedure 5(d)(4), which provides: "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Plaintiff further avers that he diligently resubmitted the complaint for e-filing on April 1, 2019; if this is the case, it is not clear why the complaint was not docketed until three weeks later. ECF No. 49-1 at 3-4. Thus, according to plaintiff, he should be afforded a filing date of March 21, 2019, making his state-law claims timely.

Resolution of this issue goes beyond the scope of a motion to dismiss, because it requires the court to determine facts that do not appear in the complaint and are not subject to judicial notice. While defendants argue that the court should simply disregard plaintiff's declaration and decide the issue in their favor, the proper course is instead to deny the motion to dismiss without prejudice so that the issue of timeliness under the Government Claims Act can be determined in later proceedings.

### IV.     Recommendation

For the foregoing reasons, it is hereby RECOMMENDED that:

1. Defendants' June 28, 2021 motion to dismiss plaintiff's state-law negligence claims (ECF No. 46) be granted as to plaintiff's claim that defendant Balaji's response, or failure to respond, to the January 30, 2018 denial of a request for surgery submitted on plaintiff's behalf was negligent; and

/////

/////

       2. That the motion be denied without prejudice with regard to the remaining state-law claims against defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 30, 2021.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE