UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR CARR,<br><br>                  Plaintiff,<br><br>          v.<br><br>A. BALAJI, et al.,<br><br>                  Defendants. | No.  2:19-cv-00688-TLN-EFB (PC)<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983.  Currently before the court are several motions filed by plaintiff objecting to the withdrawal of his former counsel, Chijioke Ikonte, and seeking modification of the schedule to allow him to file a second amended complaint, seek discovery from defendants, and file an opposition to the pending motion for summary judgment.  ECF Nos. 79-82.  Defendants have filed no response to plaintiff's filings.  For the reasons that follow, the court will modify the schedule to allow plaintiff additional time for discovery and to oppose the summary judgment motion, but the court will deny plaintiff's requests for leave to file a second amended complaint and for an order directing one of Ikonte's law firm colleagues to represent plaintiff.

**I.      Plaintiff's Motion to Modify the Discovery Schedule**

Plaintiff initiated this action with the filing of a pro se complaint.  ECF No. 1.  On October 28, 2020, the court granted plaintiff's request to substitute Mr. Ikonte in as his counsel.  ECF No.

1

28. The discovery and scheduling order issued on October 18, 2021, providing a discovery deadline of February 18, 2022. ECF No. 55. That deadline was later extended by the court to September 15, 2022. ECF No. 61. Defendants filed a motion for summary judgment on February 28, 2023, which remains pending. ECF No. 68. On June 9, 2023, the court granted Mr. Ikonte's motion to withdraw as plaintiff's counsel. ECF No. 78.

Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." Courts considering a request to modify a schedule under Rule 16(b)(4) look primarily to the whether the party seeking modification could not reasonably meet the deadline despite his diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). While the focus is primarily on the moving party's diligence, "the existence or degree of prejudice to the party opposing the motion might supply additional reasons to deny" the requested modification. *Id.*

The court must consider additional factors where, as here, additional discovery is requested by an incarcerated, pro se plaintiff facing a summary judgment motion. *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004). "Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." *Jones*, 393 F.3d at 930 (citing *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988)). "Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim." *Id.* (quoting *Klingele*, 849 F.2d at 412).

Plaintiff states that Mr. Ikonte has provided him with minimal discovery responses, and plaintiff suspects that Mr. Ikonte failed to diligently propound discovery. In light of the pending summary judgment motion and Mr. Ikonte's withdrawal following an apparent breakdown of communication between he and plaintiff, the court will grant plaintiff's request to modify the schedule to allow him an opportunity to propound discovery requests on defendants and to prepare an opposition to the pending summary judgment motion.

////

////

## II. Issues Regarding Counsel

Plaintiff objects to his counsel's withdrawal from the case. ECF Nos. 80, 81, 82. However, the court has already granted counsel's request to withdraw, and plaintiff's filings do not alter the court's opinion as to the propriety of his withdrawal. Indeed, those filings underscore the deterioration of the relationship between plaintiff and Mr. Ikonte. Plaintiff requests that the court order another attorney from Mr. Ikonte's firm to represent him. District courts lack authority to require counsel to represent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

## III. Request for Leave to File a Second Amended Complaint

In one of his recent filings, plaintiff states briefly that he would like leave to file a second amended complaint to assert new claims that "relate back" to his original claims. ECF No. 81. Plaintiff does not specify what these new claims are, nor has he provided the court with a copy of the proposed second amended complaint as the court's local rules require. E.D. Cal. L.R. 137(c). Without the proposed amended complaint or an explanation of the claims plaintiff seeks to add, the court cannot conduct the analyses required to determine the propriety of allowing the amendment. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 607-09 (9th Cir. 1992). Accordingly, the court will deny leave to amend without prejudice.

////
////
////
////

**IV.  Order**

In accordance with the above, it is hereby ORDERED that:

1. Plaintiff's motion to modify the schedule, asserted in ECF Nos. 79 through 82, is GRANTED:

   A. Plaintiff shall have until October 2, 2023 to conduct discovery.

   B. Plaintiff shall have until October 16, 2023 to file any motions to compel discovery responses.  Any such motion must identify the discovery responses which are the subject of the motion.

   C. Plaintiff shall file his opposition to the pending motion for summary judgment on or before October 30, 2023.

   D. The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.  Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

2. Plaintiff's request for leave to file a second amended complaint, asserted in ECF No. 81, is DENIED without prejudice.

3. Plaintiff's request for an order compelling an attorney from Chijioke Ikonte's law firm to represent him, asserted in ECF No. 81, is DENIED.

4. The Clerk of Court is directed to terminate the motions appearing at ECF Nos. 79, 81, and 82.

Dated: August 2, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE