UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR CARR,<br><br>        Plaintiff,<br><br>    v.<br><br>A. BALAJI, et al.,<br><br>        Defendants. | No. 2:19-cv-00688-EFB (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

      Petitioner is a federal prisoner pursuing a civil rights action under 48 U.S.C. § 1983. ECF No. 1. On February 28, 2023, defendants filed a motion for summary judgment. ECF No. 68. On August 2, 2023, the court granted plaintiff additional time for discovery and to oppose the summary judgment motion. The court ordered plaintiff to file an opposition to the motion by October 30, 2023. ECF No. 83. Plaintiff failed to do so, and on November 20, 2023, the court ordered him to file either an opposition or a statement of no opposition to the summary judgment motion within thirty days. ECF No. 89. In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).

      The thirty-day period has now expired, and plaintiff once again has not filed an opposition to defendants' motion. That motion has been pending for nearly a year. Instead of responding as ordered, plaintiff has filed a "motion for clarification," in which he asserts that he intends to file a

motion to compel additional discovery from defendants. ECF No. 90 at 3. Plaintiff's latest request for still further delay of the motion for summary judgment does not explain what efforts he has made to comply with the previously extended schedule nor show why he was unable to timely submit an opposition brief despite the exercise of due diligence. Accordingly, his request is denied.

Pursuant to Local Rule 230(l), plaintiff's failure to timely oppose the motion is deemed a waiver of any such opposition. Moreover, the court has reviewed the grounds for the motion and finds that it should be granted.

The gravamen of the case is that Dr. Balaji and other defendants were deliberately indifferent to plaintiff's medical needs with respect to the treatment of a painful hand condition in which the fingers bent and locked. *See* ECF No. 32. Plaintiff claimed defendants delayed surgery on his right hand with the requisite culpable mindset. However, defendants' unrefuted evidence indicates that rather than responding with deliberate indifference, Dr. Balaji appropriately referred plaintiff for a surgical consultation and then timely ordered the surgery but was not otherwise involved in any alleged delay of the surgery. Likewise, defendants' unrefuted evidence indicates that defendants Gurm, Magsayo, and Suson, were not responsible for rescheduling the surgery. In fact, the surgery took place on October 1, 2018. *See* ECF No. 68. Plaintiff has not attempted to establish a genuine dispute of a material fact, nor does it appear any exists that would implicate his rights under the Eighth Amendment.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 68) be granted, judgment entered for defendants, and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE